UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: ) Case No. 10-17135
)
HECTOR J. SANTIAGO and ) Chapter 13
HELEN H. SANTIAGO, )
) Judge Pat E. Morgenstern-Clarren
Debtors. )
) **MEMORANDUM OF OPINION AND**
) **ORDER DENYING MOTION FOR**
) **STAY**

On February 11, 2011, this court entered an order granting in part and denying in part the motion of BAC Home Loan Servicing, LP (BAC) to quash a subpoena issued by the United States Trustee (UST) in connection with a Bankruptcy Rule 2004 examination. BAC is currently seeking to appeal that decision and has requested a stay from this court pending appeal.[1] The UST opposes the stay request.[2] For the reasons discussed below, BAC's motion for stay is denied.

## THE ORDER

The UST, with court authority granted in response to an unopposed motion, issued a subpoena which required BAC to appear through a knowledgeable officer or agent and to produce documents in connection with a Rule 2004 examination. The UST sought the examination to determine whether the proof of claim filed by BAC in this case is valid, or whether it includes objectionable charges. Specifically, the UST asked for an accounting of BAC's prepetition arrearage and information as to the reasonableness of charges included in its

---

[1] Docket 48, 59.

[2] Docket 54.

claim; BAC's policies and procedures for charging foreclosure costs and attorney fees as they applied to the debtors' account; and documents and other information that BAC relied on in signing the proof of claim filed by it in the debtors' bankruptcy case.

BAC moved to quash the subpoena, arguing that the examination exceeded the scope of the UST's powers and that the UST was not a party in interest; that the time and location of the examination did not comport with the Bankruptcy Rules; and that certain topics of examination and document requests were objectionable. After oral argument, the court entered a memorandum of opinion and order which granted the motion to quash as to the location of the examination and denied the remainder of the motion. BAC filed a notice of appeal or, in the alternative, motion for leave to appeal that order, and elected to have the appeal heard by the district court.

## DISCUSSION

### A. Stay Pending Appeal

Bankruptcy Rule 8005 provides for a stay pending appeal:

> A motion for a stay of the judgment, order, or decree of a
> bankruptcy judge . . . must ordinarily be presented to the
> bankruptcy judge in the first instance. Notwithstanding Rule 7062
> but subject to the power of the district court and the bankruptcy
> appellate panel reserved hereinafter, the bankruptcy judge may
> suspend or order the continuation of other proceedings in the case
> under the Code or make any other appropriate order during the
> pendency of an appeal on such terms as will protect the rights of all
> parties in interest. . . .

FED. R. BANKR. P. 8005. A stay is an exercise of judicial discretion and the propriety of issuing a stay depends on the circumstances of a particular case. *Nken v. Holder*, 129 S. Ct. 1749, 1760

(2009). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 1761.

These factors are to be considered and balanced in determining whether a stay should be granted:

    (1)    the likelihood that the party seeking the stay will prevail on the merits of the appeal;

    (2)    the likelihood that the party seeking the stay will be irreparably harmed absent a stay;

    (3)    the prospect that others will be harmed if the court grants the stay; and

    (4)    the public interest in granting the stay.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *In re Best Reception Sys., Inc.*, 219 B.R. 988, 992-94 (Bankr. E.D. Tenn. 1998). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153.

### B.  The Motion

**1.  Are the movants likely to prevail on appeal?**

As discussed in *Griepentrog*:

> the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere 'possibility' of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, serious questions going to the merits.

3

*Id.* at 153-54 (internal quotation marks and citations omitted).

The UST argues that BAC's appeal is not likely to succeed on both procedural and substantive grounds. As to the former, the UST argues that the court's discovery order is interlocutory and not subject to review at this point in the proceedings. As to the latter, the UST contends that the case law is contrary to BAC's position. BAC takes the opposite position on both points.

The UST's argument on these points is the stronger one. As to the procedural issue, the court finds that the district court decision *of In re Gray*, No. 11-10640, 2011 WL 902733 (E.D. Mich. Mar. 15, 2011) is persuasive authority. There, a district court in this circuit denied a creditor's motion for leave to appeal a bankruptcy court's Rule 2004 order entered on the motion of a United States trustee. The district court under very similar facts concluded that the order was not a final order appealable as of right, was not appealable as of right under the collateral order doctrine, and was not the type of order meriting interlocutory review. Applying that reasoning here leads this court to conclude that it does not appear likely that BAC will succeed on its appeal. *See also Countrywide Home Loans, Inc. v. Office of the United States Trustee*, No. 08-617, 2008 WL 2388285 (W.D. Pa. June 11, 2008) (denying leave to appeal a bankruptcy court's order overruling objections to a Rule 2004 examination to be conducted by the United States trustee and motion to quash the related subpoena).

As to the substantive prong, the UST's position is again stronger, for the reasons stated in this court's memorandum of opinion and also in the UST's response to the motion for a stay.

For these reasons, the court concludes that this factor does not weigh in favor of granting a stay.

### 2. Will the movants suffer irreparable harm without a stay?

BAC argues that it will suffer irreparable harm absent a stay because it will be required to produce the documents, it will be required to expend time and money preparing and submitting a witness for examination, and it may be put at a competitive disadvantage due to the confidential nature of its policies and procedures. The UST replies that this is essentially a financial argument, which is insufficient to prove irreparable harm.

Irreparable harm is evaluated in terms of the substantiality of the alleged injury, the likelihood that it will occur, and the proof provided by the movant. *Griepentrog,* 945 F.2d at 154. BAC's argument that the time it will spend and the costs it will incur in preparing for and attending the examination support a stay is not compelling because mere injury "in terms of money, time and energy necessarily expended in the absence of stay" does not constitute irreparable injury. *Id.* BAC's argument that allowing the examination to proceed will put it at a competitive disadvantage due to the confidential nature of its policies and procedures also fails, because BAC did not provide information which would allow this court to determine whether the UST is seeking confidential information or to assess whether BAC is likely to suffer a competitive disadvantage. This is a recurrent problem as BAC expressed this same concern in connection with its motion to quash, but failed to provide reasoned support for it. As this court noted then, BAC is free to move for a protective order to the extent it is able to establish that requested documents should be protected.

As BAC has not shown that it will be irreparably harmed by turning over the documents and proceeding with the examination, this factor does not weigh in favor of granting a stay.

### 3. Will others be harmed if a stay is granted?

BAC argues that the UST's discovery efforts are unnecessary in this case, which means that no party will be harmed if a stay is imposed. BAC suggests that the debtors or the chapter 13 trustee may object to its claim if they believe it is erroneous. The UST argues that a stay will delay his efforts to investigate and to resolve his concerns regarding this matter expeditiously. As it is clear that a stay would delay the UST's efforts to obtain information and any consequent action to be taken based on the information obtained (whether by the UST, the debtors, or the chapter 13 trustee), this factor does not weigh in favor of granting a stay.

### 4. Is a stay in the public interest?

BAC argues that a stay would serve the public interest because it would allow appellate resolution as to the UST's authority to conduct the examination, thereby assisting parties in other bankruptcy cases. The UST, on the other hand, argues that the public interest is best served by his efforts in this case and others to determine whether BAC has filed accurate proofs of claim. Each of the parties' arguments has some merit. If BAC has filed an improper claim, the public interest is served by permitting the UST's investigation to continue and uncovering the impropriety. On the other hand, if the UST lacks authority and standing to pursue the investigation, a stay would prevent him from acting and would serve the public interest. The court, therefore, finds that this factor weighs neither for nor against granting a stay.

## CONCLUSION

As discussed, three of the relevant factors weigh against granting BAC's stay request and the fourth factor is neutral. BAC has not established that it is likely to succeed given the interlocutory character of the order being appealed and the case law on the merits of its position.

6

BAC has also failed to establish that it will be irreparably harmed, or that other parties in interest will be harmed, in the absence of a stay. And the public interest weighs neither for nor against granting a stay. On balance, therefore, the court concludes that a stay pending appeal is not warranted in this case. BAC's motion is, therefore, denied.

    IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge